IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03800-RMR-STV

PHILIP A. BRALICH, PH.D.

    Plaintiff,

v.

MICHAEL GAYNER, EXECUTIVE DIRECTOR, SHAMBHALA MOUNTAIN CENTER,
MEMBERS OF THE SHAMBHALA BOARD,
MEMBERS OF SHAMBHALA INT'L CARE AND CONDUCT COMMITTEE,
MEMBERS OF THE COUNCIL OF MAKYI RABJAN,
SHAMBHALA MOUNTAIN CENTER CARE AND CONDUCT OFFICERS,
THE GOVERNING COUNCIL OF SHAMBHALA MOUNTAIN CENTER,
CHARLES G. LIEF,
JOY VALANIA,
BETSY RAILLA,
BOULDER SHAMBHALA CENTER,
SEATTLE SHAMBHALA CENTER,
DAN PETERSON,
CHRISTY CASHMAN,
JUDITH SIMMER-BROWN,
TIMOTHY QUIGLEY,
ERIC SPIEGEL,
GWIN STEWART,
KATHY SPIER,
KATHY KINCAID,
DEFENSE LANGUAGE INSTITUTE AND FOREIGN LANGUAGE CENTER,
KELLY FINEY,
MILWAUKEE SHAMBHALA CENTER,
BERKELEY SHAMBHALA CENTER,
SAN FRANCISCO SHAMBHALA CENTER,
BARRY A. SULLIVAN, ESQ.,
SUSAN COATES,
MARTHA RZASA.

    Defendants.

### DEFENDANT BOULDER SHAMBHALA CENTER'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR RECONSIDERATION

Defendant **BOULDER SHAMBHALA CENTER**, a trade name for **SHAMBHALA USA**, a religious nonprofit corporation, by its attorneys, **LASATER & MARTIN, P.C.**, pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), respectfully submits the following Response to Plaintiff's Objection [Doc. 190] to Magistrate's Order Denying Motion for Reconsideration [Doc. 188], and requests that the Objection be overruled.

**A.    STANDARD OF REVIEW**

The standard of review under Fed. R. Civ. P. 72(a), for nondispositive motions, is to determine whether the Magistrate's order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993). Further, new arguments raised for the first time in the Objection to the Magistrate's Order are deemed waived. *Baldwin v. United States,* Civil Action No. 11-cv-02033-MSK-KLM, 2013 U.S. Dist. LEXIS 18080 *13-14 (D. Colo. Feb. 8, 2013). *See, Thorndike v. DaimlerChrysler Corp.,* 288 F. Supp. 2d 50 (D. Me. 2003) (When pretrial motion is referred to magistrate judge, party must raise before magistrate judge all pertinent issues generated by motion and make known to magistrate judge all of its arguments, contentions, and statements of position on which

it relies to achieve favorable decision; party is not entitled to *de novo* review by district judge of argument never seasonably raised before magistrate judge.)

### B. PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S ORDER FOR RECONSIDERATION SHOULD BE OVERRULED.

#### 1. THE MAGISTRATE JUDGE'S ORDER IS NOT CLEARLY CONTRARY TO LAW.

Magistrate Judge Scott T. Varholak's Order is not clearly contrary to the law and there is no showing that an error has been made in this instance. Plaintiff motion for reconsideration asked that the Magistrate Judge reconsider several of its prior orders, namely, "the Court's decisions to suspend the deadline for defendants to respond to the operative complaint, the Court's orders setting status conferences, and the Court's order finding that the deadline for Defendants to submit motions to quash has not expired.' [Order, Doc. 188, p.1] The Order was well reasoned and applied the appropriate standards and factors when evaluating a motion for reconsideration.

Notable, Plaintiff fails to show how Magistrate Judge Scott T. Varholak misapplied the law regarding a motion for reconsideration. Fundamentally, Plaintiff fails to show how any of the Orders of the Magistrate Judge, were "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

#### (A) MOTION FOR RECONSIDERATION OF CANCELLATION OF STATUS CONFERENCE

The Plaintiff's Motion for Reconsideration [Doc. 161] appears to seek reconsideration of this Court's Orders of March 15, 2021 [Doc 46], March 17, 2021 [Doc. 51], and June 1, 2021 [Doc. 95] regarding setting a status conference.

3

As this court noted in its Order [Doc. 46] regarding a prior Motion for Reconsideration [Doc. 42] filed by Plaintiff:

> The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider... should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted). The Motion fails to clearly demonstrate any manifest error or law or fact.

*Id* at *1.

Here, there is no showing of manifest error of law or fact. As has been repeatedly discussed, setting a status conference was appropriate and affords the court and the parties the opportunity to ensure the appropriate progression of the case. As noted in the Amended Motion for Extension of Time and Request for Status Conference [Doc. 12], the Plaintiff brings a claim against twenty-six Defendants. The claims for relief include a myriad of claims including civil rights claims, RICO civil claims, defamation, and extortion claims. The claims also involve a long period of time with allegations stemming from the year 1983. To date, Plaintiff had not completed service on all Parties (and still has not) and there remain outstanding questions as to which individuals service of process have been completed. Further, a number of individuals appear to have been named in their representative capacity, only, for various Boards, and are no longer participants on those Boards nor personally involved or identified in the substance of the

4

Complaint [Doc. 1], Amended Complaint [Doc. 4] nor Second Amended Complaint [Doc. 6]. At the time of filing, it remained unclear as to which Defendants Plaintiff has attempted service and how service was completed, the Parties anticipated motions to quash service may be necessary.

Based upon the allegations contained of the Amended Complaint, the Parties likely share a number of common defenses and a Motion to Dismiss may be available for the Defendants. It is an appropriate use of judicial resources and case management to adopt a uniform briefing schedule for the Parties once the Defendants have been served. Further, with counsel present, a determination can be made as to which parties a waiver of service may be appropriate. Further, a status conference would also serve the interest of judicial economy in addressing a briefing schedule for Motions to Dismiss, if appropriate, page limitations or combined briefs, as well as the adoption of a Scheduling Order.

The Motion was granted [Doc. 15] and a Telephonic Status Conference was set. A telephonic status conference occurred on May 24, 2021 [Doc. 168] and on July 29, 2021 [Doc. 169]. Plaintiff has not been prejudiced and there was no error in the prior Orders regarding setting this matter for a status conference. The Plaintiff's Objection to the Court's Order should be overruled.

**(B) RECONSIDERATION OF THE COURT ORDER REGARDING FAILURE TO MEET DEADLINES FOR MOTION TO QUASH**

Plaintiff's Motion for Reconsideration [Doc. 161] appears to seek reconsideration

of this Court's Order [Doc. 155] entered on August 27, 2012. That Order provided the following:

> **ORDER** This matter is before the Court on [149] Plaintiff's Motion to Accept All Services of Summons (the "Motion to Accept") and [151] Plaintiff's Motion to Cancel the October 27, 2021 Status Conference and Rule on Current Evidence and Argument (the "Motion to Cancel"). Through the Motion to Accept, Plaintiff requests that the Court "accept all services of summonses as the deadline to file motions to quash ha[s] passed." At the last status conference, the Court "maintain[ed] the stay on response deadlines for all Defendants who have been properly served to respond to the complaint" and noted that "Defendants who have been purportedly served but who believe service was improper will be permitted to file motions to quash." The Court, however, did not impose any deadline for Defendants to file motions to quash and Plaintiff has not provided any authority for the imposition of such a deadline. Pursuant to Rule 12(b), "[a] motion asserting [insufficient service of process] must be made before pleading if a responsive pleading is allowed." Thus, because Defendants have not yet filed responsive pleadings and the deadline for them to do so has been suspended, the deadline for filing motions to quash has not expired for any of the named Defendants and the Motion to Accept is **DENIED**. However, the Court strongly encourages Defendants who have been purportedly served but who believe service was improper to file any motion to quash as expeditiously as possible so that this matter may proceed in an efficient and timely manner.
>
> Again, as this court noted in its prior Order [Doc. 46]:
>
> The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider... should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted). The Motion fails to clearly demonstrate any manifest error or law or fact.

*Id* at *1.

Plaintiff fails to show a manifest error of law of fact. On February 26, 2021, the motion to extend the deadline for all defendants to respond to Plaintiff's Amended Complaint was granted, until a unified briefing schedule is set by the Court for all defendants. [Doc. 15]. As noted in the Clerk's Note Regarding Default [Doc. 41], dated March 15, 2021, the time to answer or otherwise respond has not expired. On July 29, 2021, the court entered an Order [Doc. 141] providing:

> The court will maintain the stay on response deadlines for all Defendants who have been properly served to respond to the complaint. Defendants who have been purportedly served but who believe service was improper will be permitted to file motions to quash.

Again, on August 26, 2021, the Court entered an order [Doc. 153] stating that default will not enter as to any Defendants as the court has suspended the deadline for defendants to respond. This Court's Order [Doc. 155] quoted above, dated August 27, 2021, "strongly encourages Defendants who have been purportedly served but who believe service was improper to file any motion to quash as expeditiously as possible so that this matter may proceed in an efficient and timely manner." Motions to Quash followed on September 1, 2021, [Doc. 156] and [Doc. 157], and on September 13, 2021 [Doc. 162].

The time to answer the Complaint has not passed and the deadline for filing motions to quash has not expired for any of the named Defendants. Absent an error in law of fact, the Plaintiff's Objection to the Court's Order should be overruled.

**(C)** **FAILURE TO ENFORCE DEADLINES FOR MOTIONS TO QUASH SUMMONSES**

For the reasons stated above, there is no error regarding the setting a status conference nor application of the law regarding time to serve a motion to quash. Nor does setting a status conference "constitutes a de facto and de jure acceptance of the complaint." [Objection, Doc. 190, p.2] There is no authority or case law cited for this novel interpretation of the Federal Rules of Civil Procedure, and there is none. Regardless, Plaintiff has pending his own Motion to Amend the Complaint [Doc. 106] which is at issue, an the Parties do not have an operative Complaint. Further action by this court is unwarranted and Plaintiff's Objection should properly be overruled.

**WHEREFORE**, Defendant **BOULDER SHAMBHALA CENTER** respectfully request that this court overrule the Plaintiff's Objection [Doc. 190] to the Magistrate Judge's Order [Doc. 188] Denying Reconsideration.

Respectfully submitted,

**LASATER & MARTIN, P.C.**

By: */s/ Peter H. Doherty* .
Peter H. Doherty
8822 S. Ridgeline Blvd., Suite 405
Highlands Ranch, CO 80129
Telephone: 303-730-3900
Facsimile: 303-730-3939
E-mail: Peter@LasaterandMartin.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing **DEFENDANT BOULDER SHAMBHALA CENTER'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR RECONSIDERATION** was electronically filed with the Clerk of Court using the CM/ECF (NextGen) system, on November 5, 2021, and served on the following:

Philip A. Bralich, Ph.D.
815 Filmore Street
Monterrey, CA 93940
pbralich@earthlink.net
*Pro se Plaintiff*

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE & FERGUSON PC
1801 California Street, Suite 3400
Denver, Colorado 80202
jferguson@williamsweese.com
*Attorneys for Michael Gaynor*

Jamey W. Jamison, Esq.
Cathleen H. Heintz, Esq.
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, CO 80112
jjamison@hkjp.com
cheintz@hkjp.com
*Attorneys for Charles G. Lief and Joy Valania*

Gregory S. Rich, Esq.
COOMBE CURRY RICH & JARVIS
1660 Lincoln St., Suite 2950
Denver, CO 80264
rich@ccrjlaw.com
*Attorney for Defendant Barry S. Sullivan, Esq.*

                                                s/ *Kate Braden*                             .